IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA BILLINGS DIVISION

| | |
|---|---|
| Jason P. Indreland<br>　　　　Plaintiff,<br><br>Vs.<br><br>Jay Bell, Dennis McCave, Timothy Neiter, Carolyn Pluhar, Pam Wong, Chaplain Sam Kinser, Garrett Peterson, Linda Butke, Brooke Miller, and Seth Weston,<br>　　　　Defendants. | Cause No: CV 08-47-BLG-RFC-CSO<br><br>Plaintiff's Brief In Opposition Of Defendant Kinser's Motion For Summary Judgement |

On November 6, 2009, Pursuant to Rule 56 of the Federal Rules of Civil Procedure, and Local Rule 56.1, Defendant Sam Kinser, by and through Harlan B. Krogh, Attorney at Law the defendant moved the Court to grant him Summary Judgement. The defendant filed Kinser's Motion For Summary Judgement, Kinser's Memorandum Of Law In Support of Motion For Summary Judgement, Kinser's Statement Of Uncontroverted Facts, and Kinser's Exhibits "A", "B", and "C."

The Plaintiff, Jason P. Indreland, objects to this motion. Pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, and Local Rule 56.1(b), the Plaintiff gives the following facts as reason the Defendants' motion should be summarily denied.

Contrary to the posted date, the Defendants' filed Kinser's Notice And Warning To Plaintiff November 9, 2009, which is not in accordance with Rule 56(c) of the Federal Rules of Civil Procedure. November 6, 2009 was not the date Defendants' filed.

The Caption Yellowstone County Board of County Commissioners, et. al, is incorrect. The Plaintiff is no longer filing suit against the Board of Commissioners, in accordance with the Courts' Feb. 25, 2009 Findings And Recommendations and the

pg. ①

Courts' March 18, 2009 adoption of the order. The Courts' Aug. 14, 2009 order lists the defendants' individually, as suit is being brought against them in their official capacities.

Religious Medallion -

Chapter Six - YCDF Rules And Regulations -
2-06-01.03 Contraband And Personal Property -
2) c) Religious necklace, rosary, crucifix, and other religious medallions (not to exceed 1.5" in diameter)

Section 10 Religion - Inmate Rules And Regulations
10.5 A religious medallion or icon must be authorized by the sergeant and should not exceed 1.5" in length.

As per facility policy there is not set policy or standard on chain size or thickness, only medallion size.

Capt. McCave, Lt. Neiter, Sgt. Pluhar, Chaplain Kinser, and Sgt. Wong are the defendants' who signed inmate complaints regarding this count.

Complaint - 4/27/07
"Chain is too thick -" Sgt. Pluhar, Chaplain Kinser.

Complaint - 7/8/07 Attached to Carolyn Pluhar's Affidavit
"Our rules say the chain is too large for the units, therefore the chain is too large for this facility." Sgt. Pluhar, Capt. McCave.

Complaint - 5/17/08 - Attached to Carolyns Pluhar's Affidavit
"Chain is too large - will not be given to inmate" Sgt. Wong, Lt. Neiter.

Complaint - 6/3/08 - Attached to Carolyn Pluhar's Affidavit
"Per Our Facility Chaplain - Satanism is not encouraged in our facility. You will not be given your necklace or items pertaining to Satanism. This is final per administration." Sgt. Wong

pg. 2

Capt. McCave.

The Defendant was instrumental in denial of Plaintiffs' religious medallion, as he was also instrumental in denial of any other religious materials. In contrast to the Defendants' reference to a facility policy that does not exist on chain size, the Defendant refused the Plaintiffs' medallion due to it's religious conotation. The Defendant states he was only a messenger for facility administration. The Defendant has no involvement in setting or enforcing policy at the facility because he is an independent contractor. Kinser's Statement of Uncontroverted Facts.

Satanic Bible -
Chapt. 5 Religious Service - YCDF Rules And Regulations -
7-05-02.03 Chaplain - Coordinator Programs -
3) The Chaplain - Coordinator will make himself/herself available to the inmates of Yellowstone County Detention Facility for spiritual guidance and;
b) Make arrangements for those who desire some type of input other than traditional Christianity.

Inmate Rules And Regulations -
Section 10 - Religion -
10.5 Religious material such as bible may be requested by submitting an inmate request form to the facility Chaplain.

Chapt. 3 Inmate Reading Materials - YCDF Rules And Regulations -
7-03-02.07 Censorship Guidelines -
2) A review comittee consisting of the Commander, Clergy, and an attorney shall approve/disapprove all questionable materials.

Defendant Kinser states that in April or May of 2007 the Plaintiff verbally requested a Satanic Bible and Book of Satanic Rituals. He states that facility

pg. 3

officials deemed the material too violent and denied it. The Defendant states that he had no involvement in the decision. The Defendant states he was only a messenger for facility administration. He has no involvement in setting or enforcing policy at the facility because he is an independent contractor.

Kinser Statement of Uncontroverted Facts.
"Religious Requests for Religious material by inmates are handled by the Facility's staff rather than Kinser." Memorandum of Law In Support of Motion For Summary Judgement.

Complaint - 5/17/08 - Attached to Carolyn Pluhar's Affidavit - No Action taken as to aquiring a Satanic Bible. Sgt. Wong, Lt. Neiter.

Complaint - 6/3/08 - Attached to Carolyn Pluhar's Affidavit - "Per Our Facility Chaplain - Satanism is not encouraged in our facility. You will not be given your necklace nor items pertaining to Satanism. This is final administration." Sgt. Wong, Capt. McCave.

Defendant Kinser alleges he did not violate the Plaintiffs' 1st Amendment rights. The defendant maintains that the responsible parties are the YCDF Administration. The Plaintiff contends that Defendant Kinser was instrumental in the denial of the Plaintiffs' Religious Freedom. Plaintiff has shown genuine factual issues exist and Defendants' Motion For Summary Judgement should be denied.

Dated this 23rd day of November, 2009.

Jason P. Indreland
Jason P. Indreland
Plaintiff

pg. 4

# Certificate of Service

I certify that on the date below I served a copy of the foregoing document to the following persons by the following means:

1. Clerk, U.S. District Court.

2. Kevin Gillen and Mark A. English
   Deputy Yellowstone County Attorney
   Yellowstone County Courthouse, Room 701
   P.O. Box 35025
   Billings, Mt. 59107-5025

3. Harlan B. Krogh
   Crist, Krogh & Nord, LLC
   The Securities Building
   2708 First Avenue North, Suite 300
   Billings, Mt. 59101

Dated this 24th day of November 2009.

Jason P. Indreland
Jason P. Indreland
Plaintiff

pg. 1