IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

FILED
BILLINGS DIV.
2010 MAR 8 PM 2 32
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| JASON PAUL INDRELAND,<br><br>Plaintiff,<br><br>vs.<br><br>YELLOWSTONE COUNTY BOARD OF COMMISSIONERS, CHUCK MAXWELL, JAY BELL, and DENNIS MCCAVE,<br><br>Defendants. | CV 08-047-BLG-RFC-CSO<br><br>Order Adopting Findings and Recommendations of U.S. Magistrate Judge |

United States Magistrate Judge Carolyn Ostby has entered Findings and Recommendation (*Doc. 66*) on Defendant Kinser's Motion for Summary Judgment (*Doc. 32*) and (2) Defendants Bell, Weston, McCave, Neiter, Pluhar, Wong, Valdez, Peterson, Butke, and Miller (hereinafter County Defendants)'s Motion for Summary Judgment (*Doc. 35*). Magistrate Judge Ostby recommends that the County Defendants' motion be granted in part as to Indreland's claims regarding his medallion, segregation, failure to protect, and the placement of religious greeting cards, and that Defendants Bell, Weston, Peterson, Valdez, Butke, and Miller be dismissed. Ruling on Kinser's motion is reserved pending further

1

briefing.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). Indreland has filed timely objections. *Doc. 70.* Accordingly, the Court must make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1). For the following reasons, Indreland's objections are overruled.

Indreland objects to Judge Ostby's denial of his claims relating to the deprivation of his satanic medallion, arguing that the YCDF did not have a policy on medallion size. Regardless of whether there is a written policy concerning chain size, Magistrate Judge Ostby correctly concluded that the jail has a legitimate penological interest in denying Indreland a chain that Defendants believe could be used to strangle another inmate or officer.

Indreland also objects to Judge Ostby's conclusion that there is no evidence that any Defendant gave him religious greeting cards. He now appears to argue there is evidence that Defendant Stutz is responsible for the greeting cards because Stutz's affidavit is slightly different than the other Defendants. Regardless, Indreland cites Stutz's affidavit, which plainly avers that Stutz never observed any facility personnel or inmates providing Indreland with religious greeting cards.

2

Judge Ostby ruled that Indreland's claims relating to his segregation from other inmates was meritless because there was no evidence that Indreland was separated from other inmates because of his religious beliefs. In his third obection, Indreland continues to argue, without sufficient evidentiary basis, that he was segregated solely on account of his religion. Regardless, the record is clear that Indreland was segregated because he was involved in fights with other inmates.

Indreland's fourth objection is that Defendants Bell and Weston should not be dismissed because, as sheriff and undersheriff, they are responsible for training jail personnel to deal with inmates who are not Christian. Again, there is no respondeat superior liability under § 1983 and Indreland has failed make a case for holding these Defendants personally liable.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and adopts them in their entirety.

Accordingly, **IT IS HEREBY ORDERED** that

(1)   The Yellowstone County Defendants' Motion for Summary Judgment (*Doc. 35*) is **GRANTED IN PART** as to Indreland's claims regarding his medallion, segregation, failure to protect, and the placement of religious

3

greeting cards.

    (2)    Defendants Bell, Weston, Peterson, Valdez, Butke, and Miller are **DISMISSED.**

The Clerk of Court shall notify the parties of the entry of this Order and close this case accordingly.

DATED this _____ day of March 2010.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE